# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Debra Stuter,**
**Plaintiff Below, Petitioner**

vs) **No. 12-1185** (Kanawha County 12-C-754)

**Teresa Fortin, as Executrix of the Estate of Robert K. Stuter and**
**Trustee of the Aaron and Mason Stuter Trust,**
**Defendant Below, Respondent**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Debra Stuter, by counsel Christopher J. Winton, appeals the Circuit Court of Kanawha County's "Opinion and Order Granting the Defendant's Motion to Dismiss and for Summary Judgment" entered on September 6, 2012. Respondent Teresa Fortin, as Executrix of the Estate of Robert K. Stuter and Trustee of the Aaron and Mason Stuter Trust, by counsel Christopher S. Smith, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

### I. Facts and Circuit Court's Ruling

Robert K. Stuter died on August 10, 2011. He was survived by his wife, Petitioner Debra Stuter, to whom he had been married since August of 1999. The decedent was also survived by two sons from a prior relationship, Aaron and Mason Stuter.

The decedent's will named his sister, Respondent Teresa Stuter, as his executrix. Upon the decedent's death respondent also became the trustee of the "Aaron and Mason Stuter Trust," a revocable living trust created by the decedent during his lifetime. As trustee, respondent is charged with managing the trust assets for the benefit of the decedent's two sons and distributing those assets to the sons when the youngest turns twenty-four years old.

In his will, the decedent expressed a clear intent to disinherit petitioner to the fullest extent permitted by law. After his death, petitioner filed with the Kanawha County Commission a petition for her spousal elective share pursuant to West Virginia Code §§ 42-3-1 to -7.

1

Petitioner also filed the instant declaratory judgment action asking the circuit court to calculate the amount of her elective share. The circuit court relied upon West Virginia Code § 42-3-1(a) to conclude that, having been married to the decedent for eleven years, petitioner is entitled to thirty-four percent of the decedent's augmented estate.

Pursuant to West Virginia Code § 42-3-2, a decedent spouse's "augmented estate" includes, among other things, his probate estate and his reclaimable estate.[1] As set forth in West Virginia Code § 42-3-2(b)(2), the "reclaimable estate" is essentially the value of property that, during the marriage, the now-decedent spouse had transferred to persons other than his spouse or had held with persons other than his spouse with a right of survivorship.

The dispute in this case is whether the proceeds of the decedent's life insurance are to be counted in his augmented estate. Before his death, the decedent named his trust as the beneficiary of the life insurance proceeds. It is undisputed that other assets held by the trust, such as securities and other investments, are part of the reclaimable estate subject to petitioner's elective share.

The circuit court found as a matter of law that the life insurance proceeds are expressly excluded from the petitioner's elective share claim by West Virginia Code § 42-3-2(c):

> Any transfer is excluded from the decedent's reclaimable estate: (i) To the extent the decedent received adequate and full consideration in money or money's worth for the transfer, exercise or release; or (ii) if irrevocably made with the written consent or joinder of the surviving spouse. **Life insurance, accident insurance, pension, profit sharing, retirement and other benefit plans payable to persons other than the decedent's surviving spouse or the decedent's estate is also excluded.**

(Emphasis added.) Applying this statute, the circuit court found that the life insurance was payable to a person other than the surviving spouse or the estate, i.e., it was payable to the trustee/trust. The circuit court found that the decedent's decision to hold the insurance proceeds in trust for his sons until they reach an increased level of maturity, rather than causing an outright payment at his death, is a proper and legal objective that does not cause the insurance proceeds to become part of the reclaimable estate.

## II. Standard of Review

The circuit court was presented with a motion to dismiss that the court converted to a motion for summary judgment and granted. Our standard of review for orders granting summary judgment, as well as for orders granting motions to dismiss, is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) (summary judgment); Syl. Pt. 2, *State ex rel.*

---

[1]Other items that are counted toward the augmented estate, as well as certain reductions to the probate estate, are not at issue herein. West Virginia Code § 42-3-2 lists what is included and excluded from the augmented estate.

2

*McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995) (dismissal).

### III. Discussion

In her first assignment of error, petitioner argues that the trust was illusory, a fraud, and a sham on her marital rights because provisions of the trust document allowed the decedent husband to retain excessive control over the trust's assets during his lifetime. Furthermore, she argues that the trust document allows the trustee, after the decedent's death, to pay expenses that would otherwise be the responsibility of the decedent's estate, to loan the estate money, and to transfer or "pour back" assets from the trust to the probate estate if necessary or advantageous. She argues that the trust is constructively the same thing as the decedent's probate estate, and because the probate estate is part of the augmented estate subject to her elective share, then all of the trust's assets should also be considered part of the augmented estate subject to her elective share. Petitioner asserts that although the decedent could have validly avoided her elective share claim by designating his children as the direct beneficiaries of his life insurance, that is not what he did.

In her second assignment of error, petitioner argues that the trust document included a "general assignment" or "Mother Hubbard" clause which automatically gave ownership of all of her husband's assets to the trust during his lifetime. She argues that this means the trust also owned the life insurance policies that her husband purchased on his life and the policies are part of the reclaimable estate.

We find petitioner's arguments to be nondispositive of the issue before us, which is whether the life insurance proceeds are subject to petitioner's elective share claim. Regardless of how much control the decedent exercised over the trust during his lifetime, the proceeds of these life insurance policies were not payable until after the decedent's death. Moreover, after his death the proceeds were payable to someone other than the surviving spouse or the decedent's estate. Pursuant to a straightforward application of the last sentence of West Virginia Code § 42-3-2(c), these life insurance proceeds are excluded from the elective share claim. West Virginia Code § 42-3-2(c) reflects a policy decision by the Legislature with which we will not interfere.

In her third assignment of error, petitioner argues that the circuit court erred in granting summary judgment without the benefit of discovery. She argues that the issue of whether a trust is illusory is to be decided on a case-by-case basis in light of the particular facts and circumstances. However, inasmuch as we have determined that the circumstances of this particular trust are not controlling to the disposition of this case, discovery was not necessary.

For the foregoing reasons, we conclude that summary judgment was properly granted in favor of respondent on the issue of the life insurance proceeds. Accordingly, we affirm.

Affirmed.

**ISSUED:**  June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II